IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| MINOTAUR NAVIGATION COMPANY LIMITED, | § § | |
| Plaintiff | § § | NO. 2:15-CV- 409 |
| v. | § § | |
| MILITARY SEALIFT COMMAND, | § § | ADMIRALTY |
| Defendant. | § | |

## ORIGINAL VERIFIED COMPLAINT

COMES NOW, PLAINTIFF MINOTAUR NAVIGATION COMPANY LIMITED (hereinafter "Plaintiff" or "Minotaur"), by and through its undersigned counsel, as and for its Verified Complaint against the Defendant MILITARY SEALIFT COMMAND (hereinafter "Defendant" or "MSC"), brings this action under the Contract Disputes Act and the Suits in Admiralty Act and avers and pleads as follows:

### I. THE PARTIES

1. At all times material hereto, Minotaur was and still is a foreign business entity duly organized and existing under the laws of Malta. Minotaur is the owner of the M/T MARVEA, a 2006 built chemical/oil products tanker.

2. MSC is a division of the United States Navy.[1]

---

[1] "MSC reports to the U.S. Transportation Command for defense transportation matters, to the U.S. Fleet Forces Command for Navy-unique matters and to the Assistant Secretary of the Navy for Research, Development and Acquisition for procurement policy and oversight matters." *See* www.msc.navy.mil.

## II. JURISDICTION AND VENUE

3. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contracts – *i.e.* the breach of two (2) charter party agreements by the Defendant MSC.

4. The subject matter jurisdiction of this Court is based on 41 U.S.C. § 7102(d) of the Contract Disputes Act ("CDA") and 46 U.S.C. § 30906 of the Suits in Admiralty Act ("SAA"). The CDA provides the cause of action for the Plaintiff's claim.[2] Pursuant to 41 U.S.C. 7102(d) of the CDA, an appeal brought under 41 U.S.C. § 7107(a) that arises out of a maritime contract is governed by 46 U.S.C. §§ 30901 *et seq.* and therefore required to be filed in the District Court rather than the United States Court of Federal Claims.

5. Venue is proper in this Court as MSC headquarters are located in Norfolk, Virginia.

## III. SUBSTANTIVE CLAIMS

6. On or about March 4, 2014, Plaintiff Minotaur, as owners of the vessel M/T MARVEA, entered into a charter party with MSC for the M/T MARVEA to transport 188,000 barrels of Aviation Turbine Fuel JP-8 from Agioi Theodoroi, Greece to Mersin, Turkey (hereinafter "Charter Party 1"). *See* a copy of Charter Party 1 attached as **Exhibit 1**. A copy of the MSC Tanker Voyage Charter (Tankvoy) October 2013 is attached as **Exhibit 2**.

7. The voyage had a lump-sum freight rate of USD 484,000 and a demurrage rate of USD 27,000 per day, *pro rata. See Exhibits ##1 &2.*

8. Charter Party 1 is a maritime contract.

---

[2] The Suits in Admiralty Act works merely as a waiver of sovereign immunity, not as an independent cause of action. *Southwest Marine v. United States*, 926 F. Supp. 142, 146-147 (N.D. Cal. 1995).

9. Pursuant to the terms of Charter Party 1, the time allowed for loading and discharging under the contract was 96 hours. During the course of the Vessel's attendance at Agioi Theodoroi, Greece and Mersin Turkey, laytime in the total amount of 153.05 hours accrued. A copy of the Laytime Statement is attached hereto as **Exhibit 3**.

10. Plaintiff applied credits for the allowable laytime and applicable deductions for shifting. The M/T MARVEA was delayed a total of 55.85 hours beyond the allowed laytime, *i.e.* a total of 2.327083 days.

11. Accordingly, MSC incurred and owes demurrage costs totaling USD 62,831.25 under Charter Party 1. A copy of Invoice No. 08/14, dated April 4, 2014 is attached hereto as **Exhibit 4**.

12. On or about May 9, 2014, Minotaur entered into a second charter party with MSC for the M/T MARVEA to transport 270,000 Naval Distillate-76 fuel from Agioi Theodoroi, Greece to Souda Bay, Greece and Augusta, Italy (hereinafter "Charter Party 2"). *See* Charter Party 2 attached as **Exhibit 5**; *see also* **Exhibit 2**.

13. The voyage had a lump-sum freight rate of USD 333,000 and a demurrage rate of USD 18,000 per day, pro rata. *Id.*

14. Charter Party 2 is a maritime contract.

15. Pursuant to the terms of Charter Party 2, the time allowed for loading and discharging under the contract was 96 hours. During the course of the Vessel's attendance at Agioi Theodoroi, Greece; Souda Bay, Greece; and Augusta, Italy, laytime in the total amount of 243.43 hours accrued. A copy of the Laytime Statement is attached hereto as **Exhibit 6**.

16. Plaintiff applied credits for the allowable laytime and applicable deductions for tank inspections, shifting, and cargo documents allowance. The M/T MARVEA was delayed a total of 128.82 hours beyond the allowed laytime, *i.e.* a total 5.36736 days.

17. Accordingly, MSC incurred and owes demurrage costs totaling USD 96,612.50 under Charter Party 2. A copy of Invoice No. 15/14, dated May 30, 2014 is attached hereto as **Exhibit 7**.

18. Minotaur sent the demurrage invoices along with all required documentation and supporting paperwork as required under the terms of Charter Party 1 and Charter Party 2 to MSC. MSC confirmed receipt of the demurrage claims through the charter brokers and that the claims were being reviewed. *See* correspondence attached hereto as **Exhibit 8**.

19. Despite the clear obligation of Defendant MSC to pay demurrage under the charter parties, MSC repeatedly failed, neglected, and/or refused to remit payment for the outstanding amounts.

20. On April 7, 2015, Plaintiff, through counsel, presented formal written demand of the demurrage amounts due and owing on the charter parties via Certified Receipt Mail and e-mail in accordance with the requirements of 41 U.S.C.S. § 7103(a). A copy of the written demand is attached hereto as **Exhibit 9**. The contracting officer, Kenneth D. Allen, acknowledged receipt of the written demurrage claims and invoices without objection on April 16, 2015. A copy of the correspondence is attached hereto as **Exhibit 10**.

21. Despite due demand and presentation of the claim, Defendant has still failed, neglected, and/or refused to pay the outstanding balancing due to Minotaur accruing from the demurrage charges.

22. According to 41 U.S.C. § 7103(f)(1), a contracting officer shall issue a decision on a submitted claim under $100,000 within 60 days of receiving a written request. However, if a decision is not issued by the contracting officer within the statutorily-set time period, it is deemed to be a decision denying the claim, which authorizes the contractor to appeal or file a cause of action on the claim as permitted under the Act. *See* 41 U.S.C.S. § 7103(f)(5).

23. As of June 15, 2015, the deadline for a decision to be issued, there was no further correspondence from the contracting officer. The failure of the contracting officer to issue a written response under the Contract Disputes Act was an effective denial of Minotaur's claims and entitles Minotaur to appeal.

24. Plaintiff Minotaur is entitled to receive the amounts due and owing to it from Defendant MSC for the two (2) demurrage claims under the March 4, 2014 and May 9, 2014 charter parties, a total of **USD 159,443.75**.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A. That Plaintiff be awarded amounts due and owing to it resulting from the charter parties with Defendant, totaling USD 159,443.75, plus any interest, fees, or other costs resulting from this action; and

B. That the Court grant such other and further relief as it deems, just, equitable and proper.

Respectfully submitted,

MINOTAUR NAVIGATION COMPANY LIMITED

By: /s/ Patrick M. Brogan
Patrick M. Brogan (VSB No. 25568)
Daniel T. Stillman (VSB No. 88774)
DAVEY, BROGAN & MEALS, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510-1636
Telephone: (757) 622-0100
Facsimile: (757) 622-4924
E-mail: pbrogan@daveybroganpc.com
dstillman@daveybroganpc.com
*Counsel for Minotaur Navigation Co. Ltd.*

And

CHALOS & CO, P.C.
George M. Chalos
*Pro Hac Vice Application Forthcoming*
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: (516) 714-4300
Facsimile: (516) 750-9051
E-mail: gmc@chaloslaw.com
*Counsel for Minotaur Navigation Co. Ltd.*